**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2741
_____

ZHONG QIN HU,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-599-478)
Immigration Judge:  Honorable Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2011

Before:  MCKEE, Chief Judge, SMITH and GARTH, Circuit Judges

(Opinion filed: July 14, 2011)
_____

OPINION
_____

PER CURIAM

Zhong Hu, a citizen of China, petitions for review of the Board of Immigration

Appeals' ("BIA") order denying her motion to reopen.  For the reasons that follow, we

will deny the petition.

I

Hu entered the United States in 1998 without a valid entry document. In 2006, the Department of Homeland Security issued Hu a notice to appear, charging her with removability. Before the IJ, Hu sought asylum, withholding of removal, and protection under the Convention Against Torture, alleging that she feared she would be subject to forced sterilization and severe economic sanctions for violating China's one-child policy because she gave birth to two children in the United States. The IJ denied relief and the BIA dismissed Hu's appeal. Hu filed in this Court a petition for review, but the petition was voluntarily dismissed with prejudice. See C.A. No. 09-3535.

In October 2009, while her first petition for review was pending, Hu filed a motion to reopen, followed by a motion to remand (which was essentially a supplement to the first motion), with the BIA. Between the two filings, Hu submitted hundreds of pages of supporting documents, which, she asserted, establish changed circumstances in Fujian Province and her native Zhejiang Province, i.e., that authorities in those areas permit and perform forced sterilizations and that they impose severe economic sanctions on those who violate China's family planning laws. Among the myriad documents she submitted were the report of Dr. Flora Sapio of the Julius-Maximilians University in Germany, which calls into question the validity of the State Department's 2007 country profile on asylum claims related to China (the "2007 Profile"), and Dr. Sapio's curriculum vitae. She also included a large number of documents describing the practices of family

2

planning authorities in different locations within Fujian and Zhejiang Provinces.

The BIA described all of the evidence Hu presented, but held that her motion to reopen was time-barred and that her evidence failed to demonstrate changed circumstances that would exempt the motion from the applicable time limitations. The BIA noted that some of Hu's evidence had been previously submitted and that other evidence was not properly authenticated. With regard to the documents describing various municipalities' family planning policies, the BIA reasoned that Hu failed to explain how the regulations affect her, given that the regulations were from areas other than Hu's hometown, and many were from a different province altogether. In addition, some of the documents were either incomplete or had been deemed unpersuasive in prior BIA decisions. Next, the BIA viewed the submission of the Sapio report as an unpersuasive attempt to undermine the BIA's decision in In re J-W-S-, 24 I. & N. Dec. 185 (BIA 2007), which relied on the 2007 Profile, among other evidence, for the proposition that China does not forcibly sterilize Chinese nationals who return after having multiple children abroad. See id. at 190-91. The BIA also concluded that Hu failed to demonstrate that she would face economic harm amounting to persecution. Finally, the BIA declined to remand the matter for further proceedings.

Hu timely filed this petition for review.

## II

We have jurisdiction pursuant to 28 U.S.C. § 1252(a) to review the BIA's denial of Hu's motion to reopen. We review the BIA's decision for an abuse of discretion. See

Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).  Under that standard, we will not disturb the BIA's decision unless it was "arbitrary, irrational, or contrary to law."  Id. (quotation marks and citation omitted).

A motion to reopen must be filed with the BIA "within 90 days of the date of entry of a final administrative order of removal."  INA § 240(c)(7)(C)(i) [8 U.S.C. § 1229a(c)(7)(C)(i)].  However, the 90-day limitation does not apply to a motion to reopen if that motion is based on "changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  INA § 240(c)(7)(C)(ii). Further, a motion to reopen must establish prima facie eligibility for asylum.  See Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004).  This requires "the applicant to produce objective evidence showing a 'reasonable likelihood' that he can establish [that he is entitled to relief]."  Id. (quoting Sevoian, 290 F.3d at 175).

Hu raises five primary arguments in her petition for review.  First, Hu argues that the BIA erred in declining to consider some of her supporting documents because they had not been authenticated.  Official records entered into evidence "in any proceeding" before an Immigration Judge or the BIA must be authenticated.  8 C.F.R. § 1287.6(a), (b)(1), (c)(1).  In Hu's view, the authentication requirement of 8 C.F.R. § 1287.6 does not apply to motions to reopen; rather, a motion to reopen need only allege a prima facie case.  Only when the removal proceeding is reopened and a merits hearing is held, Hu's argument goes, is the authentication requirement triggered.  Hu's argument is misplaced.

4

As the Government notes, the plain language of § 1287.6 indicates that the authentication requirement applies "in any proceeding," including a motion to reopen. The BIA held that, although authentication need not be accomplished solely by the methods set forth in § 1287.6, see Liu v. Ashcroft, 372 F.3d 529, 533 (3d Cir. 2004), Hu failed to authenticate the documents at issue by any means. Hu does not dispute that the documents were not authenticated. Rather, she incorrectly contends that she did not need to authenticate the records in this context. We perceive no abuse of discretion by the BIA in requiring some effort by Hu to authenticate the records.

Hu's second argument is two-fold. First, she argues that the BIA acted improperly by rejecting some of her supporting documents as incomplete or previously deemed unpersuasive without specifying which documents it was referring to. As we have previously explained:

> [T]he 'BIA abuses its discretion if it fails completely to address evidence of changed country circumstances offered by a petitioner . . . . The BIA should demonstrate that it has considered such evidence, even if only to dismiss it. In so doing, the BIA should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner. On the other hand, we do not hold . . . that where the BIA has given reasoned consideration to the petition, and made adequate findings, it must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner . . . . While the BIA must consider such evidence, it may do so in summary fashion without a reviewing court presuming that it has abused its discretion.'

Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (quoting Wang v. BIA, 437 F.3d

5

270, 275 (2d Cir. 2006).  We do not think the BIA ran afoul of <u>Zheng</u> in this instance.

Although greater specificity with regard to which documents it considered incomplete or unpersuasive based on prior cases might have been helpful, the BIA's opinion reflects both that it considered the voluminous evidence before it -- albeit summarily -- and the reasons for its decision.

Relatedly, Hu suggests that the BIA's decision, as a whole, reflects a failure to adequately analyze the evidence presented.  Relying on <u>Zheng</u> and one of this Court's non-precedential opinions, Hu argues that the BIA simply listed the documents submitted without giving the documents due consideration.  We disagree with Hu's characterization of the BIA's opinion.  Though a mere recitation of the evidence would not suffice, the BIA's opinion reflects more.  In setting forth its list of Hu's numerous documents, the BIA first identified those documents that were previously submitted and, thus, not properly considered in a motion to reopen.  The second paragraph of the BIA's list identified conceivably material evidence, which, for reasons stated later in the opinion, was either excluded from consideration or deemed unpersuasive.  And the final portion of the list discusses those documents that the BIA rejected for lack of authentication.  The list of which Hu complains thus reflects the BIA's effort to organize and evaluate the voluminous evidence before it, not a mere regurgitation of the list of attachments in Hu's motion to reopen.

Next, Hu argues that the BIA violated her right to due process by requiring her to submit evidence of changed circumstances in a narrow geographic area while relying on

6

country reports -- particularly the 2007 Profile -- that described conditions with regard to China, as a whole. To prevail on her motion to reopen, Hu had to demonstrate changed circumstances at either the national or relevant local level in China, see Shao v. Mukasey, 546 F.3d 138, 163-65 (2d Cir. 2008); In re S-Y-G-, 24 I. & N. Dec. 247, 251 (BIA 2007), and that she "violated [the] family planning policy as established in [her] local province, municipality, or other relevant area . . . ." S-Y-G-, 24 I. & N. Dec. at 251. In denying the motion to reopen, the BIA cited its prior decisions for the proposition that, at the national level, China does not have a policy of forcibly sterilizing returning Chinese who had multiple children while out of the country. Having failed to demonstrate a national policy of forced sterilization, Hu bore the burden of demonstrating that such a policy is enforced at the relevant local level. The BIA appropriately questioned the relevance of her Fujian Province evidence, given that Hu is from Zhejiang Province. And although Hu presented evidence regarding practices in Zhejiang Province, that evidence was not authenticated, so the BIA acted within its discretion in rejecting that evidence. Thus, Hu has not shown that the BIA acted arbitrarily, irrationally, or contrary to the law.

Fourth, Hu argues that the BIA rejected Dr. Sapio's critique of the 2007 Profile without providing a reason for doing so. This is yet another claim that the BIA did not give due consideration to the evidence before it, in violation of the rule we announced in Zheng. Like Hu's other such claims, this argument lacks merit. The BIA is permitted to credit the State Department reports in rendering decisions. Cf. Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004) ("[W]e have held that State Department reports

7

may constitute 'substantial evidence' for the purposes of reviewing immigration decisions."); Lal v. INS, 255 F.3d 998, 1023 (9th Cir. 2001) (describing State Department country reports as the "most appropriate" and "perhaps best resource" on country conditions). The opinion in this case demonstrates that the BIA considered the continuing relevance of the 2007 Profile in light of Dr. Sapio's report, but concluded that the report alone was insufficient to undermine the Profile, especially given that the State Department had not indicated any change in its view of the Profile's conclusions. In short, the BIA weighed competing views and reasoned that Dr. Sapio's report was less compelling. That is all that Zheng requires.

Finally, Hu takes issue with the BIA's determination that reopening was not warranted based on her claim that she will be subjected to persecutive fines. The BIA held that: "[Hu] has not shown that she would be subjected to economic harm amounting to persecution . . . . She has not met the requirements of Section 240(c)(7)(C)(ii) of the [INA]." Read together, these statements evince the BIA's determination that Hu failed to satisfy her burden of demonstrating that she was entitled to reopening based on changed conditions in China regarding fines imposed on those who violate the one-child law. The BIA's decision was not an abuse of discretion, given that the only evidence Hu cited in support of her argument was a Zhejiang Province law that has been in force since 2002.

To the extent that the BIA also considered whether Hu made out a prima facie case of economic persecution, as required to warrant reopening, we read the BIA's opinion to hold that Hu provided insufficient evidence of her financial circumstances to

8

permit the conclusion that any fines she may face would amount to persecution. Because such evidence is required to assess the impact of economic sanctions, see In re T-Z-, 24 I. & N. Dec. 163, 174-75 (BIA 2007); cf. Guan Shan Liao v. U.S. Dep't of Justice, 293 F.3d 61, 69-70 (2d Cir. 2002) (petitioner failed to demonstrate that fines imposed on him amounted to past economic persecution because he introduced no evidence about his income, net worth, or other financial circumstances at the time the fines were imposed), yet Hu failed to include any information about her financial circumstances in her motion to reopen, we agree with the BIA's assessment.[1]

Because Hu has not shown that the BIA abused its discretion in denying her motion to reopen, we will deny the petition for review.

---

[1] Relatedly, we note that Hu unsuccessfully raised an economic persecution claim in her asylum application, and her petition for review of that decision was voluntarily dismissed with prejudice.